• Mabio PiTTom, J.
/ The defendant moves for' an "order dismissing the complaint for lack of prosecution.. .
■ The ■ plaintiff is suing the' defendant on a policy of insurance issued to her'by the defendant for a claim by reason of an alleged theft of two fur garments on December 3, 1957. The policy had a provision outlawing the claim unless a lawsuit was started within. a year. On December 2, 1958 the plaintiff served a summons on the defendant. On December 19,1958 the defendant-served a notice of appearance; and on February 25, 1959, after some stipulated extensions of time, the plaintiff served the complaint. On March 16, 1959 the defendant'served'its answer.
The plaintiff’s attorneys contend that the answer was misplaced in their office and that it could not be found. Whereupon M. S., one of the plaintiff’s attorneys, says that on November 27, 1959 and December 29,1959 he wrote to the defendant’s attorney for a copy of the answer, but that none was ever received. This is vehemently contested by the defendant’s attorney who says that he mailed a second copy to the plaintiff’s attorneys on December 1, 1959, and then heard nothing further from their until this present motion was instituted in January, 1961. Later, the plaintiff’s attorneys served and filed a note of issue.
M. S., one of the plaintiff’s attorneys, says that during I960 he was ill from cardiac and gall bladder conditions, and thus was not able to “ fully attend to his office obligations.”
The several contentions of the plaintiff’s attorneys lack sufficient legal excuse for the delay. Nearly two years have elapsed since joinder of issue, and mishandling and procrastination are not sufficient to excuse them against this motion to dismiss. The excuse that one of the partners, M. S., was ill during 1960 so that he “ could not fully attend to his office obligations ” is lacking in merit; he was only one of the partners in a firm that also had several lawyer associates. The circumstances of this case fail to disclose a reasonable excuse for the delay and command a dismissal of the complaint. (Fischetti v. 242 East 19 St. Corp., 4 A D 2d 867 [1st. Dept] ; Moshman v. City of New York, 3 A D 2d 822 [1st Dept] ; Brassner Mfg. Co. v. Consolidated Edison Co., 1 A D 2d 840 [2d Dept.].) The fact that the plaintiff’s attorneys served a note of issue after this motion was begun does not excuse past neglect (Maizonet v. Lee Props., 11 A D 2d 667 [1st Dept.] ; Hardware Mut. Cas. Co. v. Rosenberg, 3 A D 2d 988 [1st Dept.] ; Brassner Mfg. Co. v. Consolidated Edison Co., 1 A D 2d 840 [2d Dept.]).
Barnes v. Utility Lines (12 A D 2d 524 [2d Dept.]) and Keenan v. Waring (12 A D 2d 601 [1st Dept.]) are not in conflict. In both these cases the Appellate Divisions reaffirmed *748 their strong, positions on the dismissal of oases for unreasonable procrastination in the processing of cases for trial; but in the Barnes case the court exercised its discretion in favor of a single practitioner who had been ill; and in the Keenan case it exercised its discretion in favor of infants who should not be penalized for the delay of their attorney. As stated previously, the plaintiff’s attorneys in the present case are a partnership with other lawyers in the firm beside. M. S.
Anwyay, in the present ease, since the action is one couched in contract, the plaintiff may start another suit within six years from the alleged theft of December 3, 1957 (Civ. Prac. Act, § 48). As for the provision in the policy that an action thereon must be begun within a year of the theft, that requirement was complied with; an action was begun within a year of the theft. That the defendant chose to move for its dismissal for lack of timely prosecution cannot erase the fact that the suit was begun within the required year. The motion to dismiss is granted.